**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | **Civil Action No.: _____** |
| **Plaintiff,** | ) ) | |
| v. | ) ) ) | **COMPLAINT AND JURY TRIAL DEMAND** |
| **FOOTHILLS CHILD DEVELOPMENT CENTER, INC.** | ) ) ) ) | |
| **Defendant.** | ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments Act of 2008 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Leon Dabrowski ("Dabrowski"), who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") alleges that Defendant Foothills Child Development Center, Inc. ("Defendant") terminated Dabrowski on the basis of perceived disability and/or record of disability, in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina, Greenville Division. This lawsuit is being filed in the Greenville Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Greenville Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, a South Carolina corporation, has continuously been doing business in the State of South Carolina and the city of Easley. At all relevant times, Defendant has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## CONDITIONS PRECEDENT

7. More than thirty days prior to the institution of this lawsuit, Dabrowski filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On November 27, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On January 29, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the initiation of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

13. On or around May 1, 2017, Defendant engaged in unlawful employment practices at its Easley, South Carolina facility in violation of 42 U.S.C. § 12112(a), when it terminated Dabrowski because of a perceived disability and/or because of his record of disability.

14. Dabrowski is a recovering opiate addict who has been enrolled in a supervised medication-assisted treatment ("MAT") program since approximately 2013. Dabrowski's MAT program has been under the supervision of licensed medical doctor since approximately January 2016.

15. Dabrowski's MAT program includes the use of Suboxone, a prescribed medication used to eliminate opiate cravings and reduce or eliminate withdrawal symptoms.

Dabrowski's Suboxone use is highly monitored, including through urinalysis drug screening and recurring counseling appointments.

16.     Prior to voluntarily seeking treatment for his addiction, Dabrowski was dependent on opioids (e.g., oxycodone) for approximately two years. His addiction interfered with several major life activities, such as his ability to sleep and eat regularly; proper functioning of his gastrointestinal system, to include nausea; and caused other physiological and psychological effects, such as excess sweating and mood changes.

17.     Dabrowski has always remained in compliance with his MAT program, and has not relapsed.

18.     On or around April 13, 2017, Dabrowski applied for an Afterschool Teacher position with Defendant.

19.     Dabrowski was interviewed by an Assistant Director that day (April 13).

20.     On or around April 17, 2017, Dabrowski received a call for a second interview, which was scheduled for the following day (April 18).

21.     On or around April 18, 2017, Dabrowski completed a second interview with the Assistant Director and a second Assistant Director.

22.     Later that day (April 18), one of Defendant's Assistant Directors called Dabrowski and offered him the Afterschool Teacher position.

23.     Dabrowski accepted Defendant's offer of employment.

24.     The next day, on or around April 19, 2017, Dabrowski went to Defendant's facility to pick up a packet of pre-employment paperwork. This packet included a criminal background check, to be performed by South Carolina's Department of Social Services ("DSS"); central registry check, also to be performed by DSS; staff health assessment form to be

completed by Dabrowski's primary care physician; and a Medical Statement to be completed by Dabrowski.

25.     Defendant instructed Dabrowski to return the completed packet on Dabrowski's first day of work, which was scheduled for May 1, 2017.

26.     On or around May 1, 2017, Dabrowski reported for his first shift with Defendant. He brought his completed pre-employment paperwork, including successful DSS background and central registry checks; a staff health assessment form completed by Dabrowski's primary care physician; and a Medical Statement completed by Dabrowski.

27.     On Dabrowski's staff health assessment form, his primary care physician stated that Dabrowski was not dependent on any drugs, but did notate that Dabrowski was tapering off of Suboxone.

28.     Dabrowski disclosed his prior addiction on the Medical Statement he completed. In attached notes, Dabrowski explained, "In 2011, I developed a dependency to prescription pain killers.  Sought [sic] treatment in early 2013, was prescribed Suboxone to prevent withdrawal symptoms and cravings, and have been clean, without any relapses since."

29.     Dabrowski reviewed the completed pre-employment paperwork with Defendant's Owner/Director on May 1, 2017.

30.     After reviewing Dabrowski's completed pre-employment paperwork, Defendant's Owner/Director sent Dabrowski to begin working alongside an Assistant Director.

31.     Dabrowski worked at Defendant's facility for approximately twenty-five to thirty (25-30) minutes, until Defendant terminated Dabrowski.

32.     Defendant terminated Dabrowski because of his Suboxone use.

33. Defendant terminated Dabrowski because he had participated in and was participating in a Medication-Assisted Treatment program.

34. At all relevant times, Dabrowski had a record of a disability as defined in 42 U.S.C. § 12102.

35. At all relevant times, Defendant regarded Dabrowski as having a disability based on Dabrowski's Suboxone use and/or Dabrowski's participation in a Medication-Assisted Treatment program.

36. At all relevant times, Dabrowski was qualified to perform the essential functions of Defendant's Afterschool Teacher position.

37. Defendant terminated Dabrowski because of a perceived disability and/or because of his record of disability in violation of the ADA.

38. The effect of the practices complained of above has been to deprive Leon Dabrowski of equal employment opportunities and otherwise adversely affect his status as an employee because of his record of disability and being regarded as having a disability.

39. The unlawful employment practices complained of above were intentional.

40. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Leon Dabrowski.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from any employment practice that discriminates on the basis of disability.

B.    Order Defendant to amend its Drug/Alcohol/Substance Abuse Policy to accord with Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments Act of 2008.

C.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D.    Order Defendant to make Leon Dabrowski whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Dabrowski or front pay in lieu thereof.

E.    Order Defendant to make Leon Dabrowski whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial.

F.    Order Defendant to make Leon Dabrowski whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and loss of civil rights, in amounts to be determined at trial.

G.    Order Defendant to pay Leon Dabrowski punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

H.    Grant such further relief as the Court deems necessary and proper in the public interest.

I.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 7th day of May, 2018.

Respectfully submitted:

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, NE
Washington, DC 20507

LYNETTE A. BARNES
Regional Attorney

YLDA MARISOL KOPKA
Supervisory Trial Attorney

s/*Rachael S. Steenbergh-Tideswell*
RACHAEL S. STEENBERGH-TIDESWELL
South Carolina Federal Bar No. 10867
Senior Trial Attorney
**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (704) 954-6472
Facsimile: (704) 954-6412
Email: rachael.steenbergh@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**