**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) ) ) **Plaintiff,** ) ) ) **v.** ) ) ) **FOOTHILLS CHILD DEVELOPMENT CENTER, INC.** ) ) ) **Defendant.** ) | Civil Action No.: 6:18-cv-01255-AMQ  **CONSENT DECREE** |

The U.S. Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged Defendant Foothills Child Development Center, Inc. ("Defendant") terminated Leon Dabrowski ("Dabrowski") on the basis of perceived disability and/or record of disability, in violation of the ADA.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent

Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of disability or any other protected category within the meaning of the ADA, including by terminating any person on the basis of perceived disability and/or record of disability.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under the ADA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Leon Dabrowski the sum of five thousand dollars ($5,000.00) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Leon Dabrowski. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Leon Dabrowski at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall send to the Commission, a copy of the check and proof of its delivery to Leon Dabrowski. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Leon Dabrowski may or may not incur on such payments under local, state and/or federal law.

4. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records of Leon Dabrowski any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 436-2017-00702 and the related events that occurred thereafter, including this

litigation.  Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall change all references in its personnel records for Leon Dabrowski from "terminated" to "voluntarily resigned."  Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5.     Within ninety (90) days of the entry of this Consent Decree by the Court, Defendant shall revise its written "Drug/Alcohol/Substance Abuse Policy" in the following ways, at a minimum:

   a. The policy shall include an explanation of the ADA, including its prohibition against discrimination based on disability;

   b. The policy shall define "Drug/Alcohol/Substance Abuse," and this definition shall create a clear and specific exclusion for individuals who use legally-obtained prescription medication in a lawfully-prescribed manner;

   c. The following language shall be struck from the policy: "Employees who enroll, or are enrolled in a rehabilitation facility/program for drug/alcohol/substance abuse will receive immediate termination" and "Because these substances have serious side effects of drowsiness, fainting, dizziness, etc., we cannot allow an employee in a rehabilitation program continue [sic] employment of care for our children. Once he/she has completed rehabilitation at a center or program for substance abuse, he/she will be then be [sic] eligible for hire/rehire with our company, contingent of [sic] a doctor's release proving post-rehabilitation."

The policy shall create an ADA-compliant procedure for conducting an individualized assessment of an employee who is enrolled in any form of alcohol, drug, or illegal substance

rehabilitation in order to determine whether the individual can safely perform the essential functions of her/his position with or without reasonable accommodation. The procedure shall provide the employee the opportunity to present, in a written format, a list of the essential functions of the employee's position and Defendant's specific concerns to her/his licensed treating medical professional, and for the treating medical professional to opine as to whether the employee is able to safely perform the essential functions of her/his position with or without reasonable accommodation. If the employee does not have a licensed treating medical professional or if the employee provides insufficient documentation from his/her treating medical professional, Defendant may require that the employee be evaluated by a licensed medical professional of its choosing. In the event an employee is evaluated by a licensed medical professional of Defendant's choosing, such evaluation must be in strict compliance with the Commission's guidance on disability-related inquiries and medical examinations of employees and Commission guidance on reasonable accommodation under the ADA, and all costs associated with the evaluation must be paid by Defendant. Defendant shall distribute to each current employee a copy of the revised policy within the aforementioned 90 day time period. Within ninety five (95) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

      6.    If Defendant requires an employee to be evaluated by a licensed medical professional of its choosing (pursuant to the revised policy as set forth in paragraph 5), and the licensed medical professional determines that the employee is unable to perform the essential functions of his/her position with or without reasonable accommodation, Defendant must provide

the Commission with the following within five (5) days of Defendant's receipt of the selected licensed medical professional's determination:

    a. The name, last known address and last known telephone number of the employee;

    b. A description of the alcohol, drug, or illegal substance rehabilitation program in which the employee is enrolled;

    c. A statement of the action taken by Defendant with respect to the employee; and

    d. A copy of all documents related to or regarding the employee's evaluation.

7. During the term of this Consent Decree, Defendant shall post a copy of the revised "Drug/Alcohol/Substance Abuse Policy" described in paragraph 5, *supra*, at Defendant's Easley, South Carolina facility in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within ninety five (95) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

8. During the term of this Consent Decree, Defendant shall provide an annual training program to all managers and supervisors at Defendant's Easley, South Carolina facility. Each training program shall include an explanation of the requirements of the ADA and its prohibition against discrimination and retaliation in the workplace. Each training program shall also include an explanation of Defendant's revised "Drug/Alcohol/Substance Abuse Policy" described in paragraph 5, *supra*, and an explanation of the rights and responsibilities of employees and managers under the policy.

The annual training shall be conducted in-person by an individual with at least three (3) years of extensive experience with federal equal employment opportunity law. At Defendant's

election, Defendant may record the first live training and re-broadcast the same at subsequent annual trainings.

The first training program shall be completed within one hundred (100) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission the following by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov: (a) the trainer's name and contact information, and (b) an agenda for the training program. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Consent Decree, in a place where it is visible to employees at Defendant's Easley, South Carolina facility. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

    A.    the name and last-known mailing address, email address, and phone number(s) of each individual who applied for employment with defendant and was rejected due to current or past alcohol, drug, or substance use;

    B.    the name and last-known mailing address, email address, and phone number(s) of each employee who was terminated by defendant due to current or past alcohol, drug, or substance use;

    C.    the name and last-known mailing address, email address, and phone number(s) of each employee who was the subject of an individualized assessment pursuant to Defendant's revised "Drug/Alcohol/Substance Abuse Policy" described in paragraph 5, *supra*;

    D.    for each individual identified in ¶10(D), explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time), and if the individual's employment status has changed, provide a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of any individual identified in response to ¶¶10(A-C) within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11.    The Commission may review compliance with this Consent Decree. As part of such review, the Commission may, upon at least 24 hours advanced notice to Defendant's designated point of contact (see ¶14), inspect Defendant's Easley, South Carolina facility, interview employees, and examine and copy documents.

12.    If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such

additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Consent Decree shall be for five (5) years from its entry by the Court.

14. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to Defendant's designated point of contact: Cyndi Ogle at cegjo@aol.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

15. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

16. Each party shall bear its own costs and attorney's fees.

17. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

_____
The Honorable A. Marvin Quattlebaum, Jr.
United States District Court Judge

May 31, 2018
Greenville, South Carolina

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** **Plaintiff** | **FOOTHILLS CHILD DEVELOPMENT CENTER, INC.,** **Defendant** |

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

LYNETTE A. BARNES (NC Bar No.19732)
Regional Attorney

YLDA MARISOL KOPKA
Supervisory Trial Attorney

**s/ *Rachael S. Steenbergh-Tideswell***
RACHAEL S. STEENBERGH-TIDESWELL
South Carolina Federal Bar No. 10867
Senior Trial Attorney
Charlotte District Office
Telephone: (704) 954-6472
Facsimile: (704) 954-6412
Email: rachael.steenbergh@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

 s/ John P. Mann, Jr.
John P. Mann Jr. (FID 5513)
jpm@mannlaw.org
MANN LAW FIRM P.A.
512 E. North St.
Greenville, South Carolina 29601
Telephone: (864) 243-8358
Facsimile: (864) 233-5088

**ATTORNEY FOR DEFENDANT**